■ MAX STEINBERG, Individually and as Limited Partners of Madison Discount Co., Suing on Behalf of Themselves and All Other Limited Partners Similarly Situated and for the Benefit of Said Partners, Respondents, v. LEO GOODMAN et al., Appellants, et al., Defendants.— Order entered January 22, 1969, and judgment entered thereon, affirmed, with $50 costs and disbursements to plaintiffs-respondents. There existed no agreement, express or implied, for payment by the limited partnership for the services of the defendants, general partners, alleged to have been rendered in the sale of the partnership property. Certainly, the defendants, as general partners, could not agree merely with themselves for the payment to them of a fee from the partnership funds. This

would be prohibited self-dealing. Incidentally, one of the defendants testified on an examination before trial that no one authorized the fee charged by them. Furthermore, the defendants, in their services rendered in the matter of the negotiation and sale of the property, were acting with the purpose of protecting their investment as well as furthering the interests of the partnership, and the provisions of the articles of copartnership and the undisputed facts conclusively negate the implication of any agreement by the partnership for payment to defendants of a special fee for their services. During the transactions leading to the sale, the defendants made no claim, disclosed to the limited partners, that they would expect payment for their services, and their taking of the fee of $10,000 was without assent or approval of the limited partners. The first notice of the taking of a fee was that reflected in the closing statement sent to the limited partners after the completion of the transactions. Under the circumstances, we agree with the conclusions of Special Term that the taking of the fee was not authorized by the partnership agreement and that the taking thereof was improper and unlawful. Concur — Eager, J. P., Capozzoli and Nunez, JJ.; McGivern and Steuer, JJ., dissent in the following memorandum by Steuer, J.: I dissent on the ground that there are triable issues. The first issue is whether the limitation on recovery of fees for services in the fourth paragraph of the partnership agreement was intended to preclude compensation for the reasonable value of other services neither contemplated at the time nor mentioned in the agreement. Another issue is whether the defendants waived any right to compensation they may have had by failing to disclose before undertaking performance of the services that they were doing so in the expectation of being paid. These issues require a trial.